IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD MOORE, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 4:20-CV-00591 |
| MAVERICK NATURAL RESOURCES, LLC, | § § § | |
| Defendant. | § § § | |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION TO COMPEL ARBITRATION**

Defendant Maverick Natural Resources, LLC ("Maverick") respectfully submits the following objections to the Report and Recommendation on Motion to Compel Arbitration (Doc. 40) ("Recommendation"). Maverick respectfully requests that the Court grant its Motion to Compel Arbitration (Doc. 29) ("Motion") for the reasons submitted in its Motion and Reply submitted in support of its Motion (Doc. 35).

**I.     BACKGROUND**

As described in its Motion, in January 2019, Maverick entered into a Master Work Agreement ("MWA") with Plaintiff Chad Moore's ("Moore") employer, FIS Operations, LLC ("FIS"). (*See* Doc. 29, p. 3). Under the MWA, FIS agreed to provide personnel, which included Moore, to perform work at Maverick's sites, and agreed that it would properly pay such personnel all wages due as required by law, and that the personnel would have only a contractor relationship with Maverick, Maverick would not be the employer of the personnel. (Doc. 29-1, ¶¶ 2-3, 12). In exchange, under the MWA Maverick agreed to pay agreed rates for the work performed by FIS's personnel. (*Id.*, at ¶ 5.1)

FIS hired Moore as its employee in June 2019, and entered into an Arbitration Agreement with Moore. (*See* Doc. 29, pp. 3-4; Doc. 35, pp. 1, 10-11). It is undisputed that Moore performed work at Maverick only as an employee of FIS and that FIS issued his paychecks for that work. (*Id.*). Moore's sole theory of recovery in this putative collective action is that he is owed additional unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

Under Moore's Arbitration Agreement with FIS, he agreed "to the resolution by arbitration of **<u>all claims</u>** … whether or not arising out of [his] employment …that [he] may have against [FIS] or against its … agents." (Doc. 29-2, p. 5 [emphasis added]) The Arbitration Agreement provides the "claims covered by this Agreement include, but are not limited to, **<u>claims for wages</u>** or other compensation due; …and claims for violations of any federal … law, statute, [or] regulation." (*Id*. [emphasis added]). The Agreement also contains an express class action waiver under which Moore agreed to bring any claim "solely on an individual basis." (*Id*., p. 8). The Agreement also contains a delegation clause under which the "Arbitrator, and not any federal, state, or local court or Company, shall have exclusive authority to resolve **<u>any dispute</u>** relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to **<u>any claim</u>** that all or any part of this Agreement is void or voidable." (*Id*., p. 6 [emphasis added]).

## II.   OBJECTIONS[1]

### A.   The Recommendation Does Not Address Whether Maverick's Assertion of the Delegation Clause Changes the Court's Analysis

While the Recommendation acknowledges that Maverick invokes the delegation clause, it addresses only the two-step analysis a court applies where no delegation clause is present. *See*

---

[1] Concurrently with the Report and Recommendation denying Maverick's Motion to Compel Arbitration (Doc. 40), the Honorable Magistrate Judge Bray also issued a Report and Recommendation granting in part Moore's Motion for Conditional Certification (Doc. 41), recommending that the Court authorize notice to be sent to putative collective

Recommendation, p. 2 (applying the two step analysis and asking (1) whether the parties entered into any arbitration agreement, and (2) whether this claim is covered by the arbitration agreement). However, as is the case here, where "a party asserts that an arbitration agreement contains a delegation clause," the analysis changes regarding the second prong and,

> [t]he court ***only*** asks (1) whether the parties entered into a valid arbitration agreement and, if so, (2) whether the agreement contains a valid delegation clause. … If there is a delegation clause, the motion to compel arbitration should be granted in ~~almost~~[2] all cases.

*Reyna v. Int'l. Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016) (citation omitted; emphasis added); *accord Edwards v. Doordash, Inc.*, No. H-16-2255, 2017 WL 5514302, at *5-6, 12 (S.D. Tex. Oct. 18, 2017), *affirmed*, 888 F.3d 738, 746 (5th Cir. 2018).

As explained in Maverick's Motion and Reply, under governing Texas law, the first prong above, validity, is determined by considering five elements (offer, acceptance, mutual assent, execution and delivery, and mutuality of obligation), and Moore has not disputed that these elements are satisfied here. (*See* Doc. 35, p. 2). Because the Arbitration Agreement contains a delegation clause, the "court may not override the contract," *Schein*, 935 U.S. at 526, and the arbitrator has "exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of [Moore's Arbitration] Agreement." (Doc. 29-2, p. 6).

### B. The Recommendation Does Not Address the "Any Dispute" Language in the Delegation Clause

The Recommendation examines whether the text of Moore's delegation clause shows the parties' intent to have an arbitrator determine arbitrability of Moore's claim. (Doc. 40, pp. 3-4).

---

members who, like Moore, have executed an Arbitration Agreement with FIS that covers their claims for wages. (*See*, Response in Opp. to Motion for Conditional Cert., Doc. 30). Maverick separately submits its objections to the Report and Recommendation on conditional certification.

[2] *Archer and White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 279, n. 21 (5th Cir. 2019) (noting that following the Supreme Court's ruling in *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524 (2019), the above quote "should now be read without the 'almost'"), *cert. granted*, 2020 WL 3146679 (Jun. 15, 2020).

The Recommendation concludes that because Maverick is not named in Moore's Arbitration Agreement and because the delegation clause does not state it applies to claims against nonsignatories, it is therefore unclear whether Moore intended to delegate the question of arbitrability of his claim against a nonsignatory such as Maverick. (*Id*., p. 4). However, the Recommendation does not discuss the language in Moore's delegation clause that provides an arbitrator and not a court has exclusive authority to resolve "***any dispute***" relating to the "interpretation, applicability, enforceability or formation of this Agreement." (Doc. 29-2, p. 6 [emphasis added]; *see also generally*, Doc. 40).

Under the plain language here, the delegation clause applies to "***any*** dispute" regarding the "interpretation, applicability, enforceability or formation" of Moore's Arbitration Agreement. (Doc. 29-2, p. 6). Thus, the delegation is not silent as to the matter of arbitrability of claims against nonsignatories. Instead, Moore's delegation clause is expressly ***inclusive*** as it applies to "***any***" dispute regarding "interpretation, applicability, enforceability or formation" of the Agreement, ***without limitation***. *Interstate 35/Chisam Rd., L.P. v. Moayedi*, 377 S.W.3d 791, 800 (Tex. App. 2012) (noting "the word 'any' has been judicially construed to mean: 'each' or 'every' or 'all.' … Generally, 'any' means 'one, some, or all,' an indefinite number, ***without limitation***" [emphasis added]; holding that the words "any defense" in a guaranty contract encompasses not just "some" or "certain" defenses, "but ***all possible defenses that might exist***" [emphasis added]). Here, Moore's delegation clause expressly applies to "any dispute" about applicability or enforceability of his Arbitration Agreement (Doc. 29-2, p. 6), which means "all possible [disputes] that might exist" regarding applicability or enforceability of the Agreement. *Interstate 35/Chisam Rd.*, 377 S.W.3d at 800.

**C.     The Recommendation Does Not Address the Language in Moore's Agreement Providing that the Arbitration Requirement Applies to "Claims for Wages"**

The Honorable Alan B. Johnson of the District of Wyoming recently confirmed its prior decision, which ordered the plaintiff to arbitrate claims similar to Moore's claims, based on contract language similar to that in Moore's Agreement. *See* Deft's Response to Notice of Suppl. Auth., Exh. A, Doc. 39-1 (*Snow v. Silver Creek Midstream Holdings, LLC*, No. 19-CV-00241-ABJ, Doc. 45 (D.Wyo. Jun. 5, 2020) ("*Snow II*") (denying plaintiff's motion to stay order granting arbitration, *Snow v. Silver Creek Midstream Holdings, LLC*, 19-CV-00241-ABJ, __F.Supp. __, 2020 WL 5551018 (D. Wyo. Apr. 14, 2020) ("*Snow I*")). In *Snow*, the agreement first contained a paragraph indicating the agreement covered claims between plaintiff and the signatory employer, but then contained a second paragraph stating the agreement covered "all claims" arising out of the employee's employment. *Snow I*, 2020 WL 5551018, at *6. Similarly, Moore's Agreement first contains a sentence indicating the Agreement covers claims between Moore and the signatory employer (FIS), but then contains a second sentence stating that the "claims covered by this Agreement include …claims for wages." (Doc. 29-2, p. 1). Judge Johnson concluded that, particularly given the requirement that agreements be interpreted in favor of arbitration,[3] "[i]t is clear the intent was to cover any claims the parties had against each other and claims they had regarding Mr. Snow's employment." *Id*., at *7-8. Similarly, here, given the presumption in favor of arbitration, it is clear that Moore intended that his Arbitration Agreement cover any claims Moore and FIS had against each other and "claims for wages" based on his employment with FIS. (Doc. 29-2, p. 1).

---

[3]     *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

In finding the arbitration agreement enforceable, Judge Johnson explained that it was critical that the plaintiff admittedly was employed by the signatory staffing agency and his claim arose out of that employment:

> This analysis is not based on … [defendant]'s status as a non-signatory to the arbitration agreement. It is based on [plaintiff]'s status as a signatory. ***He signed an agreement stating he would arbitrate all claims arising out of his employment with [the signatory staffing agency]. Even though he is suing [defendant], his claim still arises out of his employment with [the staffing agency]. At no point has he disputed [the staffing agency] hired him. … While [defendant] may also have been his employer, [plaintiff] cannot - and does not - deny [the staffing agency] was his employer. Therefore, this case arises out of his employment with [the staffing agency]*** and falls under the arbitration agreement. Whether there are substantial grounds for difference of opinion on arbitration agreements involving non-signatories, third-party beneficiaries, equitable estoppel, or staffing companies is irrelevant to the Court's analysis.

(Doc. 39-1, *Snow II* [emphasis added]). Similarly, here, Moore does not dispute that FIS was his employer and this dispute concerns his claims for alleged wages owed for work performed as an employee of FIS. (*See* Doc. 29, pp. 3-4; Doc. 35, pp. 1, 10-11). Applying the required liberal interpretation to Moore's Agreement to favor arbitration, Moore's claims for wages asserted in this action are covered under his Arbitration Agreement.

### III.   CONCLUSION

For the forgoing reasons and those reasons described in its Motion and Reply in Support of Motion to Compel Arbitration, Maverick respectfully objects to the Recommendation and requests the Court grant its Motion.

| | |
|---|---|
| Dated: October 29, 2020 | Respectfully submitted, |

Of counsel:

Conor H. Kelly
Texas State Bar No. 24097926
Federal I.D. No. 3006883
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Phone)
713.951.9212 (Fax)
chkelly@littler.com

*/s/ David B. Jordan*
David B. Jordan (Attorney-In-Charge)
Texas State Bar No. 24032603
Federal I.D. No. 40416
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Phone)
713.951.9212 (Fax)
djordan@littler.com

ATTORNEYS FOR DEFENDANT
MAVERICK NATURAL RESOURCES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2020, I electronically filed the foregoing using the CM/ECF system, which will automatically notify the following counsel of record:

Michael A. Josephson
Andrew W. Dunlap
William R. Liles
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFF

*/s/ David B. Jordan*
David B. Jordan