IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD MOORE, Individually and on Behalf of All Others Similarly Situated, § § § § Plaintiff, § § v. § § MAVERICK NATURAL RESOURCES, § LLC, § § Defendant. § § | CIVIL ACTION NO. 4:20-CV-00591 |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION FOR CONDITIONAL CERTIFICATION**

Defendant Maverick Natural Resources, LLC ("Maverick") respectfully objects to the Report and Recommendation on Motion for Conditional Certification (Doc. 41) ("Recommendation"). Maverick requests that the Court deny the Motion for Conditional Certification (Doc. 29) ("Motion") based on its Opposition to Plaintiff's Motion and its objections below. (Doc. 30).

**I.    BACKGROUND**

Plaintiff Chad Moore ("Plaintiff") filed a Motion for Conditional Certification arguing that notice should be provided to allegedly similarly-situated individuals. (Doc. 27). Maverick opposed Plaintiff's motion on the grounds that (1) individuals with arbitration agreements should not receive notice, (2) aggrieved individuals do not exist, (3) similarly situated individuals do not exist, and (4) Plaintiff has not shown that other individuals desire to opt in. Following a Reply by Plaintiff, a Report and Recommendation was issued that Plaintiff's Motion should be granted. Maverick maintains the arguments in its Opposition and respectfully objects to the Report and Recommendation as follows.

## II.  OBJECTIONS

### A.  Individuals with Arbitration Agreements Should Not Receive Notice.

Maverick respectfully disagrees with the Recommendation's conditionally certified collective of "[a]ll current and former personnel […] performing the job duties of a Production Specialist, Operator, or Inspector […]" because it does not exclude individuals with valid arbitration agreements.  (Doc. 41, p. 8).  As Maverick discusses in its Opposition, its Motion to Compel Arbitration, and in its Objections to the related Report and Recommendation on that motion, valid arbitration agreements exist for members of the putative collective covering the claims in this case.  (Doc. 29).  The Fifth Circuit has held that district courts may not send notice of an FLSA action to putative collective members with valid arbitration agreements that prohibit them from participating in an FLSA collective action. *See In re JPMorgan Chase & Co.,* 916 F.3d 494, 501 (5th Cir. 2019) (holding that authorizing notice to "those who cannot ultimately participate in the collective" because they are subject to arbitration agreements "merely stirs up litigation, which is what *Hoffmann-La Roche*[1] flatly proscribes").  If the Court agrees that valid arbitration agreements exist, the Court should deny Plaintiff's Motion for Conditional Certification.  Alternatively, the putative collective should be limited to individuals without valid arbitration agreements.

### B.  No Common Pay Practice Exists to Bind the Collective.

Maverick disagrees with the Recommendation's conclusion that Plaintiff has presented sufficient evidence a common pay practice.  The Recommendation concludes that slight differences in pay do not prevent conditional certification unless the Court cannot infer the

---

[1]  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Defendant has a common plan or practice of requiring the collective members to work uncompensated overtime.  (Doc. 41, p. 6)(*citing Gibson v. NCRC, Inc.*, No. CIV.A. H-10-1409, 2011 WL 2837506, at *6 (S.D. Tex. July 18, 2011).  *Gibson* is distinguishable because the "slight differences" in that case were the amounts of pay, not the pay practices themselves.  *Gibson*, 2011 WL 2837506, at *5.  The Recommendation's other supporting cases are similarly distinguishable.  *Baucum v. Marathon Oil Corp.*, No. CV H-16-3278, 2017 WL 3017509, at *8 (S.D. Tex. July 14, 2017)(only noting similarities in pay practices, not discussing the impact of differences);  *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp.2d 990, 992–93, 996 (E.D. Tex. 2011)(same); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009)(same); *Aguilar v. Complete Landsculpture, Inc.*, No. CIV.A.3:04 CV 0776 D, 2004 WL 2293842, at *4 (N.D. Tex. Oct. 7, 2004)(noting only that *rates* of pay differed, and that "[t]his is not a case […] in which defendants contend that foremen […] were paid under a different plan [from laborers].").

The proposed putative collective members here were paid according to different pay plans, not just different rates.  Although all positions received day rates, Production Specialists received "long day" pay for working over a set number of hours per day, whereas Inspectors did not.  These payments may count towards overtime.  *See* 29 C.F.R. § 778.202(a) ("[P]remium compensation paid for the excess hours is excludable from the regular rate under section 7(e)(5) of the Act and may be credited toward statutory overtime payments […]."); (Doc. 30-2, Pengal Decl. ¶ 9).  Because some individuals were paid amounts countable as overtime, there is no common plan of failing to pay overtime sufficient to bind the class together.  The Court should deny Plaintiff's Motion for Conditional Certification on that basis.

### III. CONCLUSION

Maverick respectfully requests the Court sustain Maverick's Objections and deny Plaintiff's Motion for Conditional Certification.

Dated: October 29, 2020

Of counsel:

Conor H. Kelly
Texas State Bar No. 24097926
Federal I.D. No. 3006883
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Phone)
713.951.9212 (Fax)
chkelly@littler.com

Respectfully submitted,

*/s/ David B. Jordan*
David B. Jordan (Attorney-In-Charge)
Texas State Bar No. 24032603
Federal I.D. No. 40416
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Phone)
713.951.9212 (Fax)
djordan@littler.com

ATTORNEYS FOR DEFENDANT
MAVERICK NATURAL RESOURCES, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of October 2020, I electronically filed the foregoing using the CM/ECF system, which will automatically notify the following counsel of record:

Michael A. Josephson
Andrew W. Dunlap
William R. Liles
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFF

                                                          */s/ David B. Jordan*
                                                          David B. Jordan